## Albert K. Grafton, Appellee, v. North-American Transportation & Trading Company, Appellant.

### Gen. No. 24,834.

1. PLEADING, § 362*—*what is effect of sustaining motion to strike affidavit of defense.* The sustaining of plaintiff's motion to strike the affidavit of defense from the files is tantamount to ordering it stricken.

2. APPEAL AND ERROR, § 1236*—*when failure of trial court to actually order striking of affidavit of defense is not ground for reversal.* A defendant who, after plaintiff's motion to strike the affidavit of defense has been sustained, elects to stand by the affidavit and prays an appeal, will not be heard to contend, as ground for reversal, that it nowhere appears in the order or elsewhere that the court actually ordered the affidavit stricken.

3. CORPORATIONS, § 166*—*when transferee of stock may recover dividends from corporation.* A transferee of corporate stock may recover of the corporation dividends declared by it thereon subsequently to such transfer and at least 4 years after the transferor's death which such corporation has appropriated and applied in liquidation of a debt due to it from the transferor.

Appeal from the Municipal Court of Chicago; the Hon. HARRY M. FISCHER, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1919. Affirmed. Opinion filed December 31, 1919.

WARREN PEASE, for appellant.

BAKER & HOLDER, for appellee; G. RAYMOND COLLINS, of counsel.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

MR. JUSTICE GRIDLEY delivered the opinion of the court.

It is sought by this appeal to reverse a judgment for $675 entered by the Municipal Court of Chicago against the defendant.

It is alleged in substance in plaintiff's statement of claim, filed June 19, 1917, that his claim is for dividends and distributions due upon 50 shares of the capital stock of the defendant company, evidenced by certificate No. B-1308, executed and delivered on October 4, 1901, to one John J. Healy, and by said Healy assigned and transferred on March 1, 1907, to one Sara W. de Sallmard, and by said de Sallmard assigned and transferred on October 6, 1915, to the plaintiff; that the defendant duly declared four dividends aggregating the sum of $13.50 per share,—the first in January, 1913, and the last in November, 1915,— and that it failed and refused to pay the amounts of said dividends or any part thereof to said de Sallmard; that on June 14, 1916, said de Sallmard assigned and transferred to plaintiff all right, title and interest in and to said dividends and the moneys due and payable upon said shares, accruing subsequent to March 1, 1907, and up to and including October 6, 1915, of which assignment the defendant had notice; and that in consideration thereof the defendant promised to pay plaintiff the said sum of $13.50 per share, but has refused so to do, to the damage of plaintiff in the sum of $675.

The defendant filed its affidavit of merits to plaintiff's claim, but plaintiff's motion to strike the same from the files was sustained and the same was stricken. Subsequently the defendant filed an amended affidavit of merits, by its assistant secretary and agent, in which it is alleged that "so far as affiant's books and records disclose," said certificate B-1308 was issued to said Healy on October 4, 1901, and was not presented to be canceled and a new certificate issued until March 30, 1916, although "it" did have notice on December

15, 1915, that said certificate was held by plaintiff and that he desired to have the certificate canceled and a new one issued; that prior to that time from March 1, 1907, "affiant" had no knowledge of any transfer of said certificate by said Healy, nor does "it" now have any knowledge of the alleged transfer of said certificate by said Healy to said de Sallmard, or of the alleged transfer of said certificate by said de Sallmard on October 6, 1915, to plaintiff, "except that said canceled certificate purports to bear said alleged assignments"; that since "affiant" had notice on December 15, 1915, that plaintiff held said certificate, "one dividend or distribution, and only one, has been declared" by defendant, and that "has been paid" to plaintiff; that prior to that time certain distributions or dividends have been made to the stockholders of defendant, as alleged in plaintiff's statement of claim, amounting in all to $13.50 per share, or $675 for the 50 shares; that said Healy "died during the year 1908," being at the time of his death indebted to defendant in the sum of $969.04; that "when the various dividends or distributions above set forth were made, said defendant, as it has a legal right to do, appropriated and applied said dividends and distributions on account of said indebtedness of said John J. Healy to the defendant, so that there is now still due and owing to defendant from said John J. Healy, or his estate, the sum of $294.04, and defendant is not indebted to plaintiff in any sum"; and that said appropriation and application "was made by defendant in good faith" and "based upon the books and records" of defendant, showing that at the time of said appropriation and application said Healy was still the owner of the stock in question.

Subsequently the trial court entered an order in part as follows: "Now comes the plaintiff and moves the court to strike the amended affidavit of merits from the files, and the court *sustains said motion,* and the defendant herein elects to stand by the same, and it ap-

pearing to the court that the plaintiff has filed  *  *  *
an affidavit,  *  *  *  and that defendant is in default
for want of an affidavit of merits or defense in this
cause it is  *  *  *  ordered  *  *  *  that judgment
be entered herein against said defendant by default for
want of such affidavit of merits.'' The order further
discloses that the court assessed plaintiff's damages at
the sum of $675, and on such default and assessment
of damages entered the judgment appealed from.

It is first contended that the judgment should be
reversed because, although it appears from the above
order that the trial court sustained plaintiff's motion
to strike the amended affidavit of merits from the files,
it nowhere appears in said order, or elsewhere, that
the court actually ordered said affidavit stricken. We
do not think there is any merit in the contention. When
the court sustained plaintiff's motion to strike said
affidavit from the files that was tantamount to order-
ing the same stricken. Furthermore, it is evident from
the order that defendant at the time understood said
affidavit had been ordered stricken, because it appears
that he elected to stand by said affidavit, and at once
prayed this appeal.

It is next contended that the trial court erred in
sustaining the motion to strike defendant's affidavit
of merits from the files, for the reason that said affi-
davit discloses a good defense upon the merits to plain-
tiff's claim. Counsel's argument is that, Healy or his
estate being indebted to the defendant corporation at
the times of the declaration of the several dividends,
the defendant was legally authorized to apply the
amount of said dividends in liquidation *pro tanto* of
said indebtedness, it having done so without notice that
plaintiff had any interest in the stock in question.

Thompson in his work on Corporations (vol. 2, sec.
2133) says:

''As the dividend when declared becomes so much
money owing by the corporation to the shareholder,
if the shareholder is at the time indebted to the cor-

poration, the latter has, on principle, a right to apply the dividend in liquidation of the debt. In other words, it has the same right of set-off that any other creditor has. But this right of set-off rests upon a mutuality of indebtedness; and hence where the shares have been assigned, although not on the books of the company, prior to the declaration of the dividend, the corporation has no right of set-off as against the assignee, who becomes the equitable owner, provided it has *knowledge* of the assignment prior to the declaration of the dividend." (Citing *Gemmell v. Davis*, 75 Md. 546; see also, *American Nat. Bank v. Nashville Warehouse & Elevator Co.* [Tenn.], 36 S. W. Rep. 960.)

Cook in his work on Corporations (vol. 2, 6th Ed., sec. 526) says:

"It is accordingly held that a corporation may lawfully retain dividends, and apply them to the payment of a debt due to it from the stockholder, since in an action by the stockholder to enforce payment of his dividends the corporation may plead the debt by way of set-off. But dividends declared after the death of the stockholder are not subject to a lien for his debts." (Citing *Brent's Ex'rs v. Bank of Washington,* 2 Cranch C. C. 517; *Merchants' Bank v. Shouse,* 102 Pa. St. 488.)

Under the law and under the facts as disclosed in defendant's affidavit of merits, we do not think that said affidavit stated a good defense to plaintiff's claim, and it is our opinion that the same was properly stricken from the files. It is admitted that on October 4, 1901, a certificate for 50 shares of stock was issued to Healy. It is not denied that on March 1, 1907, Healy assigned said certificate and stock to de Sallmard, and that the latter, on October 6, 1915, assigned the same to plaintiff. It is further admitted that the four dividends in question were declared by the defendant corporation at the times stated (after Healy had assigned and transferred his said stock) and that the aggregate sum thereof, for said 50 shares, amounted to $675; and it is not denied that prior to the beginning of the suit de Sallmard had assigned and transferred to plaintiff all her right, title and interest in any moneys

due her upon any of said dividends. The said affidavit of merits was made by the assistant secretary and agent of defendant. It further appears therefrom that "so far as affiant's books and records disclose," the Healy certificate was not presented to defendant company for cancellation and the issuance of a new certificate until March 30, 1916, and that "affiant," from March 1, 1907 (the date Healy assigned the stock to de Sallmard), and prior to December 15, 1915, had no knowledge of any transfer by Healy of his said certificate and stock. This does not show that the defendant company had no knowledge of said transfer prior to the date of the declaration of the first of the four dividends in January, 1913. Furthermore, it appears from said affidavit that Healy "died during the year 1908," which was about a year after he had assigned said certificate and stock to de Sallmard and at least 4 years before the first of said four dividends was declared. Defendant had no right to appropriate the amount of said dividends in liquidation of an indebtedness of Healy, who had long since departed this life.

The judgment of the Municipal Court is affirmed.

*Affirmed.*

MR. JUSTICE BARNES: While the affidavit of defense might be more precise, I think it may reasonably be construed to show that defendant had no notice of the assignment of the stock until after it applied the dividends thereon to the Healy debt. But I think the affidavit was properly stricken because it did not state further that defendant had no knowledge of Healy's death at the time they were applied. Otherwise I think it would sufficiently state a legal defense.